IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HENRIETTA M. SHANK** | * |
| | * |
| v. | * |
| | *   Civil No.  JKS 12-612 |
| **MICHAEL J. ASTRUE** | * |
| **Commissioner of Social Security** | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Henrietta M. Shank (Shank) brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433.  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  Shank's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Shank's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Shank applied for DIB on January 17, 2006, alleging an onset of disability on January 1, 2002.  Following denial of her claims at the administrative level, this court remanded the case for reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 25, 2011, which was supplemented by a video hearing on August 5, 2011.  On August 25, 2011, the ALJ found that Shank was not disabled within the meaning of the Act. (R. 543-58).  The Appeals Council denied Shank's request for review, rendering the ALJ's determination the final decision of the Commissioner of Social Security.

**2. ALJ's Decision.**

The ALJ evaluated Shank's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520.  First, the ALJ determined that Shank's date last insured was September 30, 2002, that she had not engaged in substantial gainful activity from that date to her alleged onset date, and that the work she performed after her alleged onset date did not amount to substantial gainful activity.  (R. 546).  At step two, the ALJ concluded that Shank has the severe disorders of obesity with shortness of breath, residual right knee pain status post-surgery, and irritable bowel syndrome (IBS) with gastroesophageal reflux disease and esophagitis.  At step three the ALJ determined that Shank's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  Evaluating Shank's residual functional capacity (RFC) at step four, the ALJ found that she has the ability to perform a limited range of sedentary work, could perform tasks only in 2-hour increments with a need for regularly scheduled bathroom breaks, and could not perform any past relevant work.  (R. 547, 556).  At step five, the ALJ found, based on vocational expert (VE) testimony, that jobs exist in significant numbers in the national economy that Shank can perform.  (R. 557).  As a result, the ALJ determined that Shank was not disabled within the meaning of the Act.

**3. Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.  42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the

evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Shank alleges that the ALJ erred in finding that her IBS permitted her to perform work with bathroom breaks every two hours, claiming that this finding has no support in the record and is contradicted by testimony and statements that she was unable to perform any work. Related to this are her claims that the ALJ should have found her testimony credible and that the hypothetical worker posed to the VE should have been limited by more than a need for a bathroom break every two hours.

ALJs must follow a two-step process for evaluating whether a person is disabled by pain or other symptoms. *Craig v. Chater*, 76 F. 3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. 20 C.F.R. § 404.1529(b). The ALJ found that Shank had made this threshold showing. (R. 554). The ALJ must then evaluate the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity than is shown by objective medical evidence. Soc. Sec. Ruling 96-7p, 1996 WL 374186. To assess credibility, the ALJ

should consider factors such as the claimant's daily activities, treatments she has received, medications she consumes, and any other factors contributing to functional limitations. *Id.* at *5. The ALJ's opinion as to credibility should be given great weight because she had the "opportunity to observe the demeanor and to determine the credibility of the claimant." *Shively,* 739 F.2d at 989-90.

The assessment of the effect of Shank's IBS on her RFC[1] required the ALJ to assess the credibility of her claim that she had daily diarrhea which kept her close to a bathroom at all times. Shank cites to her hearing testimony, which the ALJ discussed in detail. Shank stated that the diarrhea started in 1995 after gallbladder surgery, that she could not hold down any medication for IBS, that it got much worse beginning in 2002, and that presently she is in the bathroom at least 15 times per day with diarrhea, "two or three times within a couple of hours." (R. 739). She did, however, acknowledge that in 2002 she worked alone at a gift shop from 12 noon to 5:00 p.m. two days per week and worked there with others two additional days. (R. 732-35). Shank's husband testified to her constant need to use the bathroom, and the ALJ noted the statements from relatives and friends to similar effect. (R. 548-49).

The ALJ found that the statements were not credible because they were prepared in 2009, seven years after the relevant time period, and included conditions that Shank did not have in 2002. The ALJ then reviewed Shank's medical treatment records for the relevant period in 2002, and noted that they contained no evidence of uncontrolled diarrhea and no reports of uncontrolled bowel movements or a frequent need to use the bathroom. (R. 551). The ALJ, aware that Shank's statements could not be disregarded solely because they were not supported

---

[1] RFC is the most work an individual can do, despite her limitations, for 8 hours a day, 5 days a week. 20 C.F.R. § 404.1545(a)(1); Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *2. The ALJ must make the RFC determination at step four of the sequential evaluation process after considering all of the relevant medical and non-medical evidence. 20 C.F.R. §§ 416.920(e).

by objective medical evidence, also considered them in light of her daily activities. These included running a store independently for two days each week and working with others two additional days, preparing meals, being independent in personal hygiene and dressing, shopping for groceries, performing light housework, driving, watching movies, visiting family members, and attending church. (R. 552). The ALJ also considered the fact that Shank received no treatment for IBS in 2002. (R. 553). Finally, the ALJ gave significant weight to the State agency RFC assessment, which found that Shank could perform a range of light work. (R. 556). The ALJ's discussion fully and logically explains why the ALJ found incredible Shank's claim that in 2002 she was prevented from performing any work due to uncontrolled diarrhea.

The hypothetical presented to the VE need contain only those impairments that the ALJ finds credible. *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). In this case, the ALJ properly determined that Shank's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. After arriving at an RFC that is substantially supported by the record, the ALJ included in the hypothetical all of limitations Shank was found to suffer. Thus, no error occurred.

**5. Conclusion.**

For the foregoing reasons, Shank's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.

Date:  January 10, 2013                              /S/
                                                                                        JILLYN K. SCHULZE
                                                         United States Magistrate Judge